**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEV & COOPER LIMITED LIABILITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GLADWELL EDUCATION LLC, <br><br> Defendant. | Civil Action No: 22-2029 (SDW) (JRA) <br><br> **OPINION** <br><br><br> February 27, 2023 |

**WIGENTON**, District Judge.

Before this Court is Defendant Gladwell Education LLC's ("Defendant") Motion to Dismiss (D.E. 11) Plaintiff Kev & Cooper Limited Liability Company's ("Plaintiff" or "Kev & Cooper") Complaint (D.E. 1 ("Compl.")) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[1]  This Court has subject matter jurisdiction over this copyright dispute pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper pursuant to 28 U.S.C. § 1400(a).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED.**

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a limited liability company that designs, manufactures, and sells educational children's rugs and, in early 2016, the artwork for Plaintiff's ABC Shapes Rug ("Work") was

---

[1] Defendant does not state the basis for its motion to dismiss, but argues that the "case must be dismissed" because "this court lacks subject matter jurisdiction," so this Court construes the motion as brought under Rule 12(b)(1). (D.E.11-1 at 12.)

created. (Compl. ¶¶ 1, 13.) In 2018, Plaintiff registered the Work with the United States Copyright Office. (Compl. ¶ 17.) The Certificate of Registration lists Plaintiff as the author and denotes that the Work was made for hire. (D.E. 15-2.) In two declarations from Omer Copur, a co-founder and managing member of Kev & Cooper, Copur states that Kev & Cooper is the sole owner of the copyright in the Work, because Copur designed and oversaw the creation of the Work understanding it to be a work made for hire for Kev & Cooper, and he always intended Kev & Cooper to be the sole owner of all rights and interests in the Work. (D.E. 11-3 ¶¶ 1, 10; D.E. 15 ¶¶ 4, 8–12; D.E. 15-3)

Plaintiff filed this lawsuit on April 7, 2022, asserting a claim for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. (Compl. ¶ 4.) Plaintiff alleges that Defendant, its competitor, intentionally manufactured and sold rugs bearing strikingly similar designs to Plaintiff's copyrighted Work. (*See* Compl. ¶¶ 1–2, 18–20.) Defendant subsequently filed the instant motion to dismiss, and the parties timely completed briefing. (D.E. 11, 14, 16.)

**II.     LEGAL STANDARD**

Subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). This Court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," including claims relating to federal copyright law, pursuant to 28 U.S.C. §§ 1331 and 1338.

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge "contests the sufficiency of the complaint because of a defect on its face," whereas a factual challenge "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v.*

*Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (internal quotation marks and citation omitted). In a factual challenge, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When a defendant challenges this Court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction to survive the motion. *See Dev. Fin. Corp. v. Alpha Hous. Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

To establish a claim for copyright infringement, the plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Ownership of a copyright vests in the initial author or authors of the work, and "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author . . . unless the parties have expressly agreed otherwise in a written instrument signed by them." 17 U.S.C. §§ 201(a)–(b). Ownership in a copyright may also be transferred. *Id*. §§ 201(d)–(e). A "work made for hire" is defined under the Copyright Act as a work "prepared by an employee within the scope of his or her employment" or a work that is "specially ordered or commissioned" for one of nine enumerated uses. 17 U.S.C. § 101; *see T.D. Bank N.A. v. Hill*, 928 F.3d 259, 272 (3d Cir. 2019) (discussing the work-for-hire doctrine).

The Copyright Act provides that, "[i]n any judicial proceedings," a certificate of registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate," including ownership of the copyright. 17 U.S.C. § 410(c); *see Brownstein v. Lindsay*, 742 F.3d 55, 77 & n.16 (3d Cir. 2014). Furthermore, any inaccurate information in a certificate of registration—whether it be a mistake of law or fact—will not render the certificate invalid unless (1) "the inaccurate information was included on the application for copyright

registration with knowledge that it was inaccurate" and (2) the Register of Copyrights would have refused registration but for the inaccurate information. 17 U.S.C. § 411(b)(1); *see Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941, 945 (2022). The scienter requirement in § 411(b) is actual knowledge of the inaccuracies in the certificate. *Unicolors*, 142 S. Ct. at 947. Additionally, a third-party infringer does not have standing to challenge a transfer of copyright ownership when there is no dispute of ownership between the copyright owner and the transferee. *Malibu Media, LLC v. Tsanko*, 2013 WL 6230482 at *6 (D.N.J. Nov. 30, 2013) (citing *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 592–93 (7th Cir. 2003)).

## III.   DISCUSSION

Defendant's Motion to Dismiss is a factual challenge to this Court's subject matter jurisdiction because Defendant relies on documents extrinsic to the Complaint to challenge Plaintiff's ownership of the copyright in the Work. (*See* D.E. 11-1–11-7.)[2]  Accordingly, this Court will take judicial notice of the extrinsic documents provided by both parties in connection with the Motion to Dismiss, including the Certificate of Registration and documents filed in the California action involving Plaintiff and the Work. *See Orabi v. Att'y Gen. of U.S.*, 738 F. 3d 535, 537 & n.1 (3d Cir. 2014) (holding that one court may take judicial notice of another court's dockets). (D.E. 11-1–11-7, 15-1–15-3.)

Plaintiff has met its burden to show that this Court has subject matter jurisdiction over its copyright infringement lawsuit by presenting prima facie evidence that it owns the copyright in the Work. The certificate of registration lists Plaintiff as the author of the Work, serving as prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c); *Brownstein*, 742 F.3d at 77 &

---

[2] Defendant's argument that Plaintiff is not the owner of the Work, and thus does not have standing to bring this suit, is a jurisdictional challenge properly raised under Rule 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

n.16. (D.E. 15-2.) To the extent Plaintiff's certificate of registration contains inaccurate information by stating that the Work was made for hire, there is no evidence that Plaintiff knew this was inaccurate, as both Plaintiff and Copur have repeatedly affirmed their belief in the validity of the certificate of registration and the facts stated therein. (Compl. ¶¶ 14–17; *see* D.E. 15 ¶¶ 4, 8–10.) Thus, the registration is valid prima facie evidence for jurisdictional purposes. *See* 17 U.S.C. § 411(b)(1); *Unicolors*, 142 S. Ct. at 945.

Defendant contends that because the creator of a work must be an employee or independent contractor for the work-made-for-hire doctrine to apply, and Copur is a co-owner of Kev & Cooper and not an "employee," the Work cannot be a work made for hire. (D.E. 11-1 at 7–9.) *See T.D. Bank N.A.*, 928 F.3d at 272. However, Plaintiff has explained how the work was created, and it was not created by Copur alone; an illustrator also contributed to the Work, and both Copur and the illustrator understood it to be a work made for hire for Kev & Cooper. (*See* D.E. 15 ¶¶ 5–9; D.E. 15-1, D.E. 15-3.) Plaintiff, Copur, and the illustrator who created the Work under Copur's supervision have expressly acknowledged that all rights in the Work belong to Kev & Cooper. (Compl. ¶¶ 14–17; D.E. 15 ¶¶ 4, 8–10; D.E. 15-1, D.E. 15-3.) To the extent Copur has individual rights in the Work that were transferred to Plaintiff, Defendant does not have standing to challenge the validity of that transfer and cannot avoid this copyright infringement suit by doing so.[3] *Malibu Media*, 2013 WL 6230482 at *6; *Billy-Bob Teeth, Inc.*, 329 F.3d at 592–93. Giving due deference to Plaintiff at this pleading stage, dismissal is not warranted and discovery on the issue of ownership is needed.

---

[3] The cases Defendant cites do not involve third-party infringers challenging copyright ownership, but rather parties challenging each other's ownership, such as a controversy between equal partners in a corporation and a dispute between the heir of a composer and the composer's former company. *Heimerdinger v. Collins*, 2009 WL 1743764 (D. Utah June 18, 2009); *Donaldson Pub. Co. v. Bregman, Vocco & Conn, Inc.*, 375 F.2d 639 (2d Cir. 1967). (*See* D.E. 14 at 10.)

**IV.     CONCLUSION**

For all the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

　　/s/ Susan D. Wigenton　　
**SUSAN D. WIGENTON, U.S.D.J.**

| | |
|---|---|
| Orig: | Clerk |
| cc: | Jose R. Almonte, U.S.M.J. |
| | Parties |