**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEV & COOPER LIMITED LIABILITY COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>GLADWELL EDUCATION LLC,<br><br>        Defendant. | Civil Action No. 22-2029 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>April 24, 2023 |

**THIS MATTER** having come before this Court upon Defendant Gladwell Education LLC's ("Defendant") Motion for Reconsideration (D.E. 24) filed in connection with this Court's February 27, 2023 Opinion (D.E. 20, "Opinion") and Order (D.E. 21, "Order") denying Defendant's Motion to Dismiss (D.E. 11); and

**WHEREAS** in its Opinion,[1] this Court explained that it was denying Defendant's motion to dismiss because "discovery on the issue of ownership is needed" and Plaintiff's certificate of registration was "prima facie evidence [of ownership] for jurisdictional purposes." (D.E. 20 at 5.) This Court noted that, "[t]o the extent Plaintiff's certificate of registration contains inaccurate information by stating that the Work was made for hire, there is no evidence that Plaintiff knew this was inaccurate." (*Id.*) *See* 17 U.S.C. § 411(b)(1); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941, 945 (2022); and

---

[1] This Court summarized Plaintiffs' factual allegations and the procedural history of this case in its Opinion and does not repeat them here. (*See* Opinion at 1–2.)

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). They are "not a vehicle for a litigant to raise new arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS** Defendant's Motion for Reconsideration was timely filed 14 days after the Opinion was issued. (D.E. 20, 24.) However, it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. *See Blystone*, 664 F.3d at 415. Defendant argues that this Court failed to address the related issues of (1) Plaintiff's ownership in the copyright and (2) the validity of the certificate of registration under 17 U.S.C. § 408(a) and *Kunkel v. Jasin*, 420 F. App'x 198, 200 (3d. Cir. 2011). (D.E. 24-1 at 5–9.) However, this Court has already explained its reasons for finding that "discovery on the issue of ownership is needed," including the lack of evidence, at this stage, that Plaintiff *knew* of any inaccuracies in the certificate of registration, as required to render the certificate legally invalid. (D.E. 20 at 4–5.) *See* 17 U.S.C. §§ 410(c), 411(b)(1); *Unicolors, Inc.*, 142 S. Ct. at 945; and